concurring in part, dissenting in part.
I concur with Part I of the majority opinion finding the statute unconstitutional because it violates the non-delegation and vagueness doctrines. However, I must dissent from Part II of the opinion that revives the former statute. I share Justice Kogan’s due process concerns regarding notice and fair trial by the revival of a criminal statute.
The majority concludes that the invalidity of the escape statute in question properly revives the escape statute it replaced. The majority notes that this is required when loss of the invalid statutory provision will result in a “ ‘hiatus’ in the law that would be intolerable to society.” Majority op. at 995. Certainly this case does not present a situation where the loss of the invalid portion of the statute creates an “intolerable hiatus in the law.” Id. at 995. Sections 39.01(61) and 39.061 were amended by the legislature in 1992, and as amended appear to cure the delegation problems. See ch. 92-287, §§ 13, 14, at 2187-88, Laws of Fla. This case has such limited factual application that declaring the statute invalid would create no intolerable societal concern. However, I believe the majority’s revival of the prior statute creates grave problems for society by trampling the constitutional guarantee of due process. To lay down such a precedent in this case seems, at best, unwise and, at worst, violative of the constitution and the rule of law by which we are governed.
SHAW and KOGAN, JJ., concur.